HENRY C. COVELL, RESPONDENT, *v.* ERASTUS P. HART AND JEREMIAH McGUIRE, APPELLANTS.

*Attorneys — liability of, for expenses incurred in preparing case for trial — power of, to bind client by contract.*

The defendants, a firm of attorneys, being engaged in preparing for trial a case which involved the settlement of an extended partnership, employed the plaintiff to examine the partnership books, it being necessary to do this in order to prepare the case for trial. Upon the trial of an action brought by him against the firm, to recover the value of his services, the defendants requested the court to charge, that if the defendants employed the plaintiff to perform the services under authority from their client, and the plaintiff had knowledge that the employment was for their client, then the plaintiff could not recover. *Held,* that the court should have granted the request, and erred in refusing so to charge

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon a case and exceptions.

The action was brought to recover the value of services rendered by the plaintiff in examining a set of books, in pursuance of directions received from the defendants, a firm of attorneys, and for which he sought to hold them liable in this action.

*E. F. Babcock*, for the appellants.

*Turner, Dexter & Van Duzer*, for the respondent.

BOCKES, J. :

The defendants were attorneys and counsellors of this court, and formed a professional partnership the second time in November, 1873. Their former partnership, which terminated several years previously, need not be here noticed. During several years prior to November, 1873, the defendant, Hart, had in charge, for one of the parties, an action involving the settlement of an extinct partnership. The management of this action remained with Hart after his professional connection with McGuire in 1873. In order to prepare the case for trial, it became necessary to have an examination of the partnership books. The plaintiff, who was an experienced bookkeeper, was employed, as he alleged, by the defendants, then partners, to perform this service; and he was engaged in such service for a considerable time. The action is brought to recover for those services.

The defendants denied the alleged employment, and especially controverted any joint liability; and also insisted that the services were performed for their client as principal debtor; hence, that they were not, nor was either of them, liable in this action. The questions raised on this appeal are presented by the various exceptions to the rulings of the learned judge at the trial, on submitting the case to the jury. Of those exceptions, but two need be here considered.

It must be assumed that the jury found a joint employment by the defendants of the plaintiff to perform the services. Still, in this view of the case, it was an employment by known agents for

services to be performed for the benefit of a principal, whose name and relation to the subject-matter of the service were known to the plaintiff at the time of the employment. It is laid down as a general rule that, where a person is known to act as a mere agent, and the principal is known, and there is no express agreement by the agent for a personal liability, and there are no circumstances from which it may properly be inferred that the credit is given to him, the agent is not personally liable, though he be the person who makes the contract. So, an agent is not liable when he keeps within the limits of his authority, and discloses the name of his principal at the time of making the contract. This principle of law is applicable to the case of attorney and client. (*Judson* v. *Gray*, 11 N. Y., 408, 411, and cases there cited.) The rule is there quoted with approval, that, in conducting the suit, so far as third persons are concerned, the attorney is simply the agent of his client.

This rule may not be applicable to services performed for an attorney by a public officer, who is bound by law to act in the matter entrusted to him by an attorney. (*Judson* v. *Gray*, [*supra*]; *Campbell* v. *Cothran*, 56 N. Y., 279.) The case in hand is one however of voluntary engagement by the plaintiff, hence the ordinary rule applicable to principal and agent obtains. The services contracted for were not such as pertained to the duties of an attorney in his professional character. Yet they were such as he might cause to be performed for the benefit of his client. He might bind his client to any service necessary to the preparation of the case for trial. Here, however, this latter point is of little importance, as enough appeared in the evidence to warrant an approval of the engagement by the client. In this case then the plaintiff could not recover against the defendants, inasmuch as the former knew of their agency and that they were acting for a well known principal, unless they contracted for themselves and gave the plaintiff their personal credit. This could only be established against the defendants under the undisputed facts in the case, by an express promise on their part to be themselves personally liable, on proof of facts and circumstances equivalent to an express promise by them. We are now brought to the consideration of a request for an instruction to the jury on this branch of

the case, which instruction was refused. The learned judge was requested to charge the jury in substance and effect, that if the defendants employed the plaintiff to perform the services under authority from their client, and the plaintiff had knowledge that the employment was for their client, then the plaintiff could not recover against them, but must take his remedy against his client. This is not the exact language of the request, but embodies its spirit and fair meaning. An employment for their client must be understood to mean an employment on his behalf and on his responsibility. If such was the employment it was not on the personal liability of the defendants. The defendants were entitled to have this instruction given as requested, as they were also entitled to the instruction asked for, that if the defendants employed the plaintiff for and on behalf of their client to do the work as in their judgment necessary in their client's suit, then the client was liable to the plaintiff therefor, although the plaintiff when he began the work did not know who the client was or that the work was for him. The proposition was sound in law; and, under the evidence in this case, being contradictory on almost every point connected with the subject of the plaintiff's employment, it was not so foreign to the question to be considered by the jury as to be absolutely immaterial. It is true these instructions were refused save as the subject had been already charged upon. But on looking into the general charge it will be seen that the ideas intended to be put forth in the request were not specifically advanced.

For the reasons above suggested the judgment and order appealed from must be reversed.

LEARNED, P. J., and OSBORN, J., concurred.

Judgment and order reversed; new trial granted, costs to abide event.